IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| FELICIA GIBSON | ) |
| | ) |
| Plaintiff | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) FILE NO. |
| | ) |
| STANDARD | ) |
| INSURANCE COMPANY | ) |
| | ) |
| Defendant | ) |

## COMPLAINT

### I. JURISDICTION AND PARTIES

1.

This suit is brought and jurisdiction lies under the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. § 1001, et seq.

2.

Jurisdiction and venue are proper pursuant to 29 U.S.C. § 1132.

3.

Plaintiff Felicia Gibson(hereinafter "Plaintiff") is a citizen of the United States and of the State of Georgia.

4.

Defendant, Standard Insurance Company ("Defendant") is a foreign

corporation doing business for profit in Georgia.

5.

Defendant may be served with process, pursuant to Rule 4 of the Federal Rules of Civil Procedure, by and through its registered agent, CT Corporation System, 289 S. Culver St., Lawrenceville, GA 30046.

6.

Defendant negotiated, maintained and administered the disability plan at issue in this Complaint.

## II. STATEMENT OF FACTS

7.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 6 stated above.

8.

UnitedHealth Group contracted with Defendant to provide long term disability benefits for its employees.

9.

At all times material to this action, insurance policy for long term disability benefits was in full force and effect constituting a binding contract between Defendant and UnitedHealth Group.

10.

Defendant pays long term disability insurance benefits to covered employees of UnitedHealth Group under this policy from its own assets.

11.

UnitedHealth Group offered this coverage to its employees as part of an overall welfare benefit plan, as defined under ERISA.

12.

Plaintiff was an insured employee under Defendant's long term disability policy.

13.

Defendant administered the long term disability plan and made all decisions as to benefits payable to eligible employees of UnitedHealth Group.

14.

Under Defendant's Group Policy it states:

During the Any Occupation Period you are required to be Disabled from all occupations.

You are Disabled from all occupations if, as a result of Physical Disease, Injury, Pregnancy or Mental Disorder, you are unable to perform with reasonable continuity the Material Duties of Any Occupation.

Any Occupation means any occupation or employment which you are able to perform, whether due to education, training, or experience,

which is available at one or more locations in the national economy and in which you can be expected to earn at least 60% of your Indexed Predisability Earnings within twelve months following your return to work, regardless of whether you are working in that or any other occupation.

15.

Plaintiff worked as a Hospice Nurse and a hands-on Hospice Nurse Supervisor for roughly twenty (20) years prior to a fall that she suffered on October 21, 2015.

16.

Plaintiff continued to work for a while after the fall, but developed serious symptoms and went out of work on August 3, 2016 for back surgery.

17.

The surgery did not alleviate the symptoms and eventually Plaintiff would need a second surgery at the same site.

18.

Defendant found Plaintiff disabled and paid her benefits until March 30, 2019.

19.

In the meantime, Plaintiff's doctor, Dr. George Stefanis, M.D., supported her disability based upon studies done in 2016 which confirmed a large L5-S1 disc herniation with clear neurologic compromises.

20.

At that point Plaintiff progressed to microdiscectomy .

21.

Post-operatively, Plaintiff continued with pain and weakness in her left leg.

22.

A repeat myelogram was obtained on May 8, 2017, which confirmed collapse of the L5-S1 disc space.

23.

Plaintiff had failed all conservative options and it was recommended that she have a fusion.

24.

The fusion occurred in December 2018.

25.

Plaintiff did not fully recover from the second fusion.

26.

On March 26, 2019, Defendant terminated long term benefits via letter stating that as of March 30, 2019 Plaintiff should have been able to resume work at a sedentary capacity.

27.

On May 15, 2019, Plaintiff's attorney appealed this decision and requested an entire copy of the claims file.

28.

On June 12, 2019, Defendant wrote Plaintiff a letter directly stating that it had reviewed the appeal and it believed that she could perform sedentary work.

29.

Defendant addressed this letter to Plaintiff herself ignoring Plaintiff's attorney.

30.

On June 17, 2019, Plaintiff's attorney wrote Defendant again stating that he had not received a copy of the entire claims file.

31.

On June 24, 2019, Dr. Stefanis wrote another supportive letter stating that Plaintiff was not able to perform sedentary work due to her continuing pain in her lower back and left leg.

32.

On June 25, 2019, Plaintiff's attorney issued a third request for the claims file and produced evidence showing that Plaintiff was unable to perform any work on a sustained basis.

33.

On or about July 24, 2019, Plaintiff's attorney received part of the claims file, but did not receive the vocational consultant's report or qualifications which had been referenced in Defendant's June 12, 2019.

34.

The July 24, 2019 letter made other cogent arguments and further supplemented Plaintiff's appeal.

35.

On July 30, 2019, Defendant produced the vocational consultant's report.

36.

On September 6, 2019, Defendant wrote a letter stating that it had had the file reviewed by a physician consultant.

37.

On October 8, 2019, Plaintiff's doctor, Dr. Julian Earls Jr., submitted a supportive letter in Plaintiff's favor stating that her sitting abilities would be limited to approximately one hour continuously.

38.

On October 15, 2020, Plaintiff's attorney responded to the vocational report noting that the labor market survey did not appear to correspond to the Macon

Georgia metropolitan statistical area and did not account for non-exertional impairments at all.

39.

Further, Plaintiff's attorney pointed out that Defendant did not actually provide a copy of the physician's consultant's review referenced in the September 6, 2019 letter.

40.

Plaintiff's attorney again demanded all materials utilized by Defendant in its review.

41.

On October 22, 2019, Defendant denied benefits in a final decision letter referencing the review by the physician consultant board certified in physical medicine and rehabilitation who opined that Plaintiff could perform sedentary work.

42.

On October 23, 2019, after the administrative period had closed, Defendant sent Plaintiff's attorney a copy of the physician consultant's peer review report.

43.

Obviously, Defendant did not provide the opportunity to respond to this report prior to making its final decision.

44.

On December 23, 2019, the Social Security Administration determined that Plaintiff was totally disabled from any substantial gainful activity.

45.

Specifically, the Administrative Law Judge held that considering Plaintiff's age, education, work experience and residual functional capacity there were no jobs that existed in significant numbers in the national economy that Plaintiff could perform.

46.

Plaintiff's attorney contacted Defendant providing a copy of the Social Security Administration's Fully Favorable Decision and all exhibits thereto via letter and asking them to reopen the file in light of this evidence.

47.

On November 12, 2020, Defendant refused to reopen the file.

48.

Administrative appeals have been exhausted.

49.

In denying Plaintiff's long term disability benefits Defendant ignored the substantial opinions of Plaintiff's medical providers.

50.

In denying Plaintiff's long term disability benefits Defendant breached the terms of the policy and its fiduciary duties to Plaintiff.

51.

In denying Plaintiff's long term disability benefits, Defendant repeatedly failed to provide Plaintiff and her attorney with the entire claims file.

52.

Contrary to Eleventh Circuit precedent, Defendant refused to reopen the file to consider the findings of the Social Security Administration.

### III. CLAIM FOR RELIEF

### ENTITLEMENT TO LONG TERM DISABILITY BENEFITS,

53.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 52 stated above.

54.

Plaintiff is entitled to LTD benefits under Defendant's policy for the following reasons:

    a.    These benefits are permitted under the policy and the summary plan description;

    b.    Plaintiff has satisfied all conditions for eligibility for receipt of these benefits;

    c.    Plaintiff has not waived or otherwise relinquished her entitlement to these benefits.

55.

As a result of Defendant's failure to pay benefits to Plaintiff, Plaintiff is entitled to relief as outlined below.

## IV. RELIEF REQUESTED

WHEREFORE, Plaintiff requests judgment of this court against Defendant as follows:

(1) Find and hold Defendant owes Plaintiff long term disability benefits from March 30, 2019 and continuing, plus interest on all back benefits;

(2) In the alternative, remand this case so that Defendant may consider the entire Social Security record;

(3) Find and hold Defendant has breached its fiduciary duties to Plaintiff;

(4) Enjoin Defendant from any further prohibited acts against Plaintiff;

(5) Award attorney's fees with appropriate lodestar, plus litigation expenses and the costs of this action; and

(6) Grant other and further relief as may be just and proper.


This  17th  day of February, 2020.


                                                                        ROGERS, HOFRICHTER & KARRH LLC


                                                                         */s/Heather K. Karrh*
                                                                         HEATHER K. KARRH
                                                                         Ga. State Bar No. 408379
                                                                         Attorney for Plaintiff

Rogers, Hofrichter & Karrh, LLC
225 S. Glynn Street, Suite A
Fayetteville, GA 30214
Phone: (770) 460-1118
Fax: (770)460-1920
Email: **Hkarrh@RHKPC.com**


                                                                        GRIST LAW FIRM

                                                                        */s/Joel Grist*
                                                                        JOEL GRIST
                                                                        Georgia Bar No. 312740
                                                                        Attorney for Plaintiff

3715 Vineville Avenue
Macon, Georgia 31204
Phone: (478) 741 - 0024
Toll Free: (877) 257 - 1580
Toll Free Fax: (866) 929 - 7419
Email: **JoelGrist@TruckLawyer.com**