# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| FELICIA GIBSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE |
| v. | ) NO. 5:21-CV-00059-TES |
| | ) |
| STANDARD INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## PROPOSED SCHEDULING AND DISCOVERY ORDER

Plaintiff Felicia Gibson ("Plaintiff") and Defendant Standard Insurance Company ("Standard") (collectively, the "Parties") held a Rule 26(f) conference on May 10, 2021. In accordance with the Court's Rules 16 and 26 Order dated April 20, 2021, the Parties to this action conferred and jointly developed this Proposed Scheduling and Discovery Order (the "Proposed Order") containing deadlines and limitations as follows:

### I. Nature of the Case:

This is an action to recover long-term disability ("LTD") benefits under group insurance policy no. 643980-B (the "Group Policy") issued by Standard to Plaintiff's former employer UnitedHealth Group to fund LTD benefits under an employee welfare benefit plan (the "Plan") sponsored and maintained by UnitedHealth Group and governed by the Employee Retirement Income Security

Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*

Plaintiff stopped working as a hospice nurse for UnitedHealth Group on August 3, 2016 after undergoing a discectomy. Plaintiff subsequently filed a claim for LTD benefits under the Plan, alleging she was "disabled" as defined by the Plan documents. This claim was initially approved and Plaintiff received LTD benefits from January 31, 2017 through March 29, 2019. Standard initially approved Plaintiff's LTD benefits claim based on its determination that Plaintiff could not perform the "Material Duties" of her "Own Occupation."

The Plan documents provide that Plaintiff would remain "disabled" after LTD benefits were paid for 24 months if she could not perform the "Material Duties of "Any Occupation" for which she is reasonably fitted to perform based on her education, training, and experience. Standard denied Plaintiff's claim for LTD benefits beyond March 29, 2019 based on its determination that Plaintiff was not disabled from performing the material duties of any occupation. Plaintiff submitted an appeal to Standard challenging this decision. After review of this appeal, Standard upheld its decision to deny Plaintiff's claim for LTD benefits beyond March 29, 2019. Plaintiff subsequently requested that Standard re-open its claim decision based in substantial part on a favorable decision she obtained from the Social Security Administration. Standard denied Plaintiff's request to re-open its claim decision and this action followed.

This issues to be tried in this action are: 1. Whether Standard's decision to deny Plaintiff's claim for LTD benefits beyond March 29, 2019 was arbitrary and capricious; 2. Whether Plaintiff is entitled to recover attorneys' fees under 29 U.S.C. § 1132(g); and 3. Whether, in the alternative, Plaintiff may be granted a remand to have Standard review the Social Security record under *Melech v. Life Ins. Co. of N. Am.*, 739 F.3d 663 (11th Cir. 2014).

## II. Counsel of Record:

The following individually-named attorneys are designated lead counsel for the Parties.

### For Plaintiff:

Heather K. Karrh
Rogers, Hofrichter & Karrh, LLC
225 S. Glynn Street, Suite A
Fayetteville, Georgia 30214
(770) 460-1118 (telephone)
(770) 460-1920 (facsimile)
hkarrh@rhkpc.com

Joel Grist
Grist Law Firm
3715 Vineville Avenue
Macon, Georgia 31204
(478) 741-0024 (telephone)
(866) 929-7419 (facsimile)
JoelGrist@sTruckLawyer.com

### For Standard:

Elizabeth J. Bondurant
Brendan H. White

WOMBLE BOND DICKINSON (US) LLP
271 17th Street, N.W., Suite 2400
Atlanta, Georgia 30363-1017
(404) 872-7000 (telephone)
(404) 888-7490 (facsimile)
lisa.bondurant@wbd-us.com
brendan.white@wbd-us.com

### III. Complaint and Answer filing dates:

Complaint was filed: February 17, 2021

Answer was filed: April 19, 2021

### IV. Discovery and Related Deadlines:

#### A. Time for Discovery

The time for discovery in this case shall expire **November 16, 2021**, that being no more than 180 days after the submission of the Proposed Order to the Court.

If a party believes that more time for discovery is needed, an appropriate motion, accompanied by a proposed order for the Court, may be filed setting forth good cause for an extension.

#### B. Scope of Discovery

The Parties agree that this matter is exempt from the Rule 26(a)(1) initial disclosure requirement as "an action for review on an administrative record." FED. R. CIV. P. 26(a)(1)(B)(i). The Parties further agree that the initial disclosure requirement shall be satisfied by production of the bates-labeled administrative

record to Plaintiff's attorneys by counsel for Standard.

Standard contends that discovery in this case should be limited to the production of the bates-labeled administrative record. Plaintiff contends that limited extra-record discovery should be permitted concerning bias and qualifications of Standard's medical reviewers. To the extent that Plaintiff is permitted to serve discovery, Standard contends that it must be very narrowly tailored to conflict of interest issues.

### C. **Electronically Stored Information**

The Parties do not anticipate any issues regarding electronic discovery at this time, as all electronically stored information should be contained within the administrative record which will be produced by Standard to Plaintiff's attorneys. However, should any issue arise, the Parties will reach an appropriate agreement governing electronic discovery at that time.

### D. **Privilege Claims**

The Parties do not have any issues regarding privilege or work product at this time.

### E. **Witnesses to be Deposed**

Standard does not anticipate taking deposition of witnesses.

Plaintiff may need to take depositions of witnesses concerning potential bias and qualifications of Standard's medical reviewers, but has not identified any such

witnesses at this time.

### F. Expert Witnesses

The Parties do not anticipate use of expert testimony in this matter, which is governed by ERISA and not subject to trial by jury. Nevertheless, the Parties provide that:

#### 1. Designation of Experts

The Parties must disclose the identity of any expert witness on or before **August 18, 2021**, that being no more than 90 days after the submission of the Proposed Order to the Court.

#### 2. Expert Reports

Expert reports shall comply with Federal Rule of Civil Procedure 26(a)(2)(B). Any supplemental expert reports must be served on or before **September 27, 2021**, that being no more than 160 days after the submission of the Proposed Order to the Court. No additional supplemental reports may be disclosed or provided after this date without leave of Court.

### G. Discovery Limitations or Need for Protective Order

The Parties agree that requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from Local Rule 36's limitation on the number of requests to admit that can be propounded.

### H. Discovery Disputes

Before moving for an order relating to discovery, including motions to compel or contested motions for protective orders, the movant must contact Cheryl Collins, Courtroom Deputy (478.752.2603) to request a telephone conference with the Court.

## V. Time for Filing Motions:

### A. Motions to Amend the Pleadings or to Join Parties

All motions seeking to amend the pleadings or to join parties must be filed no later than **July 19, 2021**, that being no more than 60 after the entry of this Scheduling and Discovery Order.

### B. Dispositive Motions

All dispositive motions must be filed no later than **December 16, 2021**, that being no more than 30 days after the expiration of discovery in this case.

### C. *Daubert* Motions

All *Daubert* motions must be filed no later than **December 16, 2021**, that being no more than 30 days after the expiration of discovery in this case.

## VI. Certification of the Parties and Counsel:

The Parties, by signature of counsel below, certify that they have conferred and discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case, pursuant to Local Rule 26(a).

Counsel further certify that they have read the Court's Rules 16 and 26 Order. All counsel of record shall digitally sign below.

This 20th day of May, 2021.

/s/ *Heather Kendall Karrh*
Heather Kendall Karrh
Georgia Bar No. 408379

Attorney for Plaintiff

ROGERS, HOFRICHTER & KARRH, LLC
225 S. Glynn Street
Suite A
Fayetteville, Georgia 30214
(770) 460-1118 (telephone)
(770) 460-1920 (facsimile)
hkarrh@rhkpc.com

/s/ *Elizabeth J. Bondurant*
Elizabeth J. Bondurant
Georgia Bar No. 066690
/s/ *Brendan H. White*
Brendan H. White
Georgia Bar No. 458315

Attorneys for Defendant

WOMBLE BOND DICKINSON (US) LLP
271 17th Street, NW, Suite 2400
Atlanta, GA 30363-1017
(404) 872-7000 (telephone)
(404) 888-7490 (facsimile)
lisa.bondurant@wbd-us.com
brendan.white@wbd-us.com

/s/ *Joel Grist*
Joel Grist
Georgia Bar No. 312740

Attorney for Plaintiff

GRIST LAW FIRM
3715 Vineville Avenue
Macon, Georgia 31204
(478) 741-0024 (telephone)
(866) 929-7419 (facsimile)
JoelGrist@TruckLawyer.com

The Court, having reviewed the information contained in the Proposed Scheduling and Discovery Order completed and filed jointly by the parties to this action, hereby **ADOPTS** the parties' plan, as modified by the Court, and **MAKES IT THE ORDER OF THE COURT**.

**SO ORDERED**, this **20** day of **May**, 2021.

TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT